Parker, J.
The committee appear to me to have travelled out of their commission so far as to vitiate their whole proceedings. This grant to Mr. Lincoln was evidently considered, both by the committee and the court, as a compensation to him for the loss of his dam, which was part of the damage sustained by him from this alteration in the way. By law they had no authority to give any thing but money as compensation. For this error, I think the pro ceedings must be quashed.
Sedgwick, J.
I am of the same opinion. The constitution declares, according to the dictates of justice, that private property shall not be taken, for the use of the public, without satisfaction. To carry into effect this principle, so far as respects the appropriation of private property for the use of highways, the law provides that the damages of the party injured shall be estimated under oath. And by the fifth section of the act, it appears explicitly that the damages are to be estimated and paid in money. Instead of which, in this case, the satisfaction to be given to Mr. Lincoln, for his property, is in the land over which the old road, which is intended to be discontinued, passed. How, if the Sessions were empowered to give him a title to this, it would not be the satisfaction which the law has determined should be given, which, as has been said, is only money.
But the Sessions could not convey a title to the land which they have contemplated as Mr. Lincoln's recompense. When land is appropriated to the use of a highway, the use only is taken, and, except so far as that goes, the right of soil remains precisely as it was before — so much so, that the owner of the soil may recover it in ejectment, (a) subject, however, to the easement; and he has a *123 right to the freehold and all profits, above and under ground, except only the right of passage. (2) So that the only effect of the discontinuance of the road is, that the * land is dis- [ * 128 ] charged of the previously existing encumbrance. The attempt, therefore, whatever might be intended, is to take the prop-arty of Mr. Lincoln, for the use of the public, without any consideration— an attempt which neither the constitution nor law will authorize.
Parsons, C. J.
The only question for the consideration of the Court is, whether the committee of the Court of Sessions have awarded any thing to Mr. Lincoln, by way of compensating his damages, other than money; for it is very properly admitted that, if they have done this, they have exceeded their authority. This is then merely a question of construction of the report of the committee; and it would, in my opinion, be doing violence to the words of it, to construe them in any other way than as expressing an intention of the committee to make to Mr. Lincoln a compensation in part, out of Mrs. Bigelow’s land, for the damage he was to sustain by laying out the road over his own land. Upon any other construction, we must presume that the committee intended to confer a bounty on him beyond the damages he should sustain, which, if done, would be clearly an act of the committee against law.

Proceedings quashed.

 Perley vs. Chandler, 6 Mass Rep. 454.— Fairfield vs. Williams & Al. 4 Mass. Rep. 427. — Tippets vs. Walker & Al. 4 Mass. Rep. 595. —Alden vs. Murdock, 13 Mass Rep. 259. — Stackpole vs. Healy, 16 Mass. Rep. 33. — Robbins vs Borman & Al. 1 Pick. 122. — Adams vs. Emerson, 6 Pick. 57.

 1 Burr. 133. — Goodtitle, ex dem. Chester, vs. Alker & Elmes.