GALE *v.* SULLOWAY *& a.*

A trustee, chosen by agreement, will not ordinarily be restrained by injunction in the management of the trust estate, nor will the administration of the trust be taken out of his hands by the appointment of a receiver, when no misconduct is shown, and there is no threatened impairment of the estate.

In a bill in equity by one partner, after a dissolution of the partnership, for a distribution of the surplus remaining in the hands of a trustee or assignee of the firm after payment of the firm debts, a decree of distribution will not be made until an accounting has been had and the respective claims of the partners determined.

The terms of a trust created by an instrument in writing cannot be varied by parol.

BILL IN EQUITY, praying that Sulloway may be required to render a full account of all moneys received and paid out by him as assignee of the plaintiff and the defendant Chase, and of all accounts and demands collected or in his hands ; that a receiver be appointed, and that the funds, demands, and accounts in the hands of Sulloway may be placed in his hands, and the debts due the firm collected and converted into money ; that any surplus thereof remaining be distributed to the persons entitled to it ; and that the premises conveyed by the plaintiff to Sulloway may be reconveyed to him ; and for an injunction restraining Sulloway from disposing of the real estate before mentioned ; and for general relief. The object of the bill is to compel the defendant Sulloway to reconvey to the plaintiff certain real estate which the plaintiff conveyed to him.

Facts found by the court. Prior to 1876, the plaintiff and defendant Chase were engaged in the grocery business in Franklin as partners, and had become embarrassed, and February 3, 1876, the plaintiff conveyed to Sulloway certain real estate owned by him in Salisbury, and the defendant Chase and his wife also conveyed to Sulloway certain real estate owned by her in Franklin. The firm of Chase & Co. also conveyed all their partnership property, including all the accounts and claims due the firm, to be applied in payment of the debts of the firm, and Sulloway, February 12, 1876, executed and delivered to them the following agreement :

" I, A. W. Sulloway, of  . . .  in consideration that Chase & Co., Benjamin Gale, Charles C. Chase, and Angenette Chase, all of said Franklin, have conveyed and assigned to me all the goods, chattels, demands, and accounts of said Chase & Co., and all the real estate of said Charles C. Chase, Benjamin Gale, and Angenette Chase, hereby agree to reconvey to the respective owners

aforesaid whatever balance of said property shall remain in my hands after the payment of the debts of Chase & Co., according to the written agreement of the creditors of said firm, and costs and expenses of making such payment."

Subsequently, February 15, 1876, the plaintiff and the defendant Chase executed an agreement for the settlement of all claims between them as follows: "Know all men, that we, Charles C. Chase of . . . and Benjamin Gale of . . . do hereby promise and agree to and with each other to submit, and do hereby submit, all questions and claims between us to the arbitrament and determination of John W. Sweatt and Levi Richardson of Franklin, and Jason J. Burley of Sanbornton, whose decision and award shall be final, binding, and conclusive on us, and in case of disagreement the decision and award of a majority of said arbitrators shall be final and conclusive."

The defendants claimed and offered to show that subsequent to the conveyance and agreement aforesaid, the affairs of the firm were talked over between the parties to this suit, and it was agreed between them, but the agreement was not reduced to writing, that any balance of the partnership or individual property of either member of the firm, in the hands of Sulloway, after paying the partnership debts and liabilities, should be paid by Sulloway to the other, if he should be equitably indebted to such other on account of their partnership business ; and that the agreement of reference before mentioned was made and executed by them in pursuance of this parol agreement; that one of the arbitrators agreed upon has since died, and they claim that the court should appoint a master, or should themselves examine and adjust the accounts between the partners, and that Sulloway should retain the property assigned to him by the partners until this is done. The court excluded the evidence, and the defendants excepted. The defendants also offered to show that there is a large claim for rent due to Chase on the store owned by him and occupied by the firm, and Sulloway claimed that he was liable to pay the same as assignee, and that, on the settlement of his account as assignee, this amount should be allowed to him ; but the court excluded the evidence, and the defendants excepted. The defendant Sulloway offered to show that the agreement for a compromise was signed by a large majority in number and amount of the creditors of the firm, and they were paid by Sulloway according to its terms—in the whole about $2,997.

That the agreement was as follows: "We, the undersigned creditors of Chase & Co., Franklin, N. H., agree to accept fifty cents on the dollar in full payment of our respective claims against said Chase & Co., payment to be made within thirty days. This agreement to be valid only upon condition that all creditors assent to it.—Jan. 29, 1876."

He also offered to show that there were other creditors of the

firm who did not sign the agreement, but they assented to it, and he paid them $579, paying them on their debts at the same rate as those who did sign the agreement, and he claimed that the sum so paid should be allowed him on the adjustment of his account as assignee; but the court *pro forma* rejected the evidence, and the defendants excepted.

*Shirley & Carr*, for the plaintiff.

*Barnard & Barnard* and *E. B. S. Sanborn*, for the defendants.

CLARK, J.   The bill states that the assets of the firm of Chase & Co., and the real estate of the individual partners, Chase and Gale, were conveyed to Sulloway for the purpose of paying the debts of the firm, and that Sulloway agreed in writing to reconvey and restore to the respective owners whatever balance of the property should remain in his hands after the payment of the debts o Chase & Co., according to the written agreement of the creditors of the firm, and the costs and expenses of making such payment. It also alleges that all the indebtedness of the partnership, together with the costs and expenses, have been paid out of the money received from the sale of the goods and the collection of the accounts of the firm, and that the real estate conveyed to the trustee by the individual partners is undisposed of, and there is a balance of the partnership funds in his hands to be distributed. The prayer is, that Sulloway may be ordered to render a full and particular account of all money received and paid out by him, and of all accounts and demands collected or in his hands; that a receiver may be appointed, and that the funds, demands, and accounts in the hands of Sulloway may be placed in his hands, the debts due the firm collected and converted into money, and that any surplus thereof remaining be distributed to the persons entitled to the same; that the premises conveyed by the plaintiff to Sulloway may be reconveyed to him, and for an injunction.

The answer of Sulloway states an account of all money received and paid out by him as trustee; and the answers of both defendants allege that there are unsettled partnership claims existing between Chase and Gale which should be adjusted before any distribution of the funds can be properly made; and the defendants ask the court to determine the amount due to each partner, and to direct the distribution of the residue of the fund.   As the trustee was selected by the partners, and there is nothing indicating any intended breach of the trust or danger to the trust fund, no case is made for granting an injunction, or for the immediate appointment of a receiver.   2 Per. Tr., *ss.* 816–819.   The objection of the plaintiff to the allowance of the $579 in the trustee's account, paid to creditors who did not sign the written agreement for compromise, is technical and not substantial.   The agreement pro-

vided that it should be valid only upon condition that all the creditors assented to it, and therefore the trustee could not safely pay any creditor until all assented. The acceptance, by those not signing, of fifty cents on the dollar, in full discharge of their claims, was a sufficient assent to the terms of the compromise, and the objection that they did not sign the written agreement may be obviated by now signing it.

As the partnership is dissolved, and the claims of all partnership creditors satisfied, the partners and the trustee are the only persons interested in the distribution of the partnership funds in the trustee's hands. By the terms of the trust, the trustee is required, after the payment of the debts of Chase & Co., and the costs and expenses, to restore the balance of the property remaining in his hands to the respective owners. To determine the ownership of the surplus of the assets of the partnership now remaining in the hands of the trustee, an adjustment of the claims of the partners relating to the business of the partnership is required. Before a distribution of this surplus can be decreed, an accounting between the partners must be had. In no other way can the share of each partner be determined, and the necessity for an accounting does not depend upon whether the partners are to be treated as creditors of the firm to the extent of their respective claims against the partnership. The taking of an account is therefore preliminary to any further proceeding.

The evidence offered of a parol agreement made subsequent to the written agreement by which the trust was created, and the evidence relating to the proposed arbitration, was incompetent. The terms of the trust cannot be varied by parol, and the death of one of the arbitrators revoked the submission.

It is the right of the parties to have all matters in controversy determined in this suit, and when the respective claims of the partners have been adjusted and their interest in the fund ascertained, a decree can be made that will protect the rights of all parties.

"It is the practice of courts of equity, when they have once obtained jurisdiction of a case, to administer all the relief which the nature of the case and the facts demand, and to bring such relief down to the close of the litigation between the parties." *Earl*, J., in *Church* v. *Church*, 73 N. Y. 95.

It may be doubtful whether, as the case now stands, the court would have power to order a sale of the real estate of one of the partners, in the hands of the trustee, to pay a debt due from the partnership to the other partner. That question we have not considered. What is first required is an adjustment of the partnership affairs between the partners, to determine the "respective owners" of the partnership assets.

*Case discharged.*

STANLEY, J., did not sit: the others concurred.