WINCHESTER *v.* CAPRON.

Taking and laying out land for a highway does not give the town a
right to erect and maintain a watch-house thereon.

TRESPASS, for entering and removing " a certain watch-house,
or tramp-house, erected and owned by the plaintiffs, and standing
wholly upon land legally taken and used by the public as a high-
way."  The defendant owned the land over which the highway in
question passed, and both sides of it; and the plaintiff town had
no title except that arising from the laying-out of the highway.

It was in dispute whether the building was within the limits of the highway. Facts found by a referee.

*Batchelder & Faulkner*, for the plaintiffs.

*H. W. Bingham* and *E. M. Forbes*, for the defendant.

SMITH, J. "If any building, structure, or fence is erected or continued upon or over any highway, so as to obstruct the same or lessen the full breadth thereof, it shall be deemed a public nuisance; and any person erecting or continuing the same shall be fined not exceeding fifty dollars; and the court shall order such building, structure, or fence to be removed.

"The foregoing section shall not be construed to prohibit the erection of any watch-house or structure for public use by the selectmen of any town, or any sign or awning erected in conformity to the regulations established by the police officers." · G. L., c. 76, ss. 11 and 12. Section 12 does not authorize selectmen to erect a watch-house or other structure for public use within the limits of a highway. It merely prescribes that such house or structure shall not be deemed a public nuisance liable to be abated as such, and excepts the selectmen from the penalty prescribed in *s.* 11.

When land is taken for public use as a highway, the land-owner is entitled to receive a sum in damages, which in theory of law is an indemnity for the use for which his land is taken. The land being taken for a highway, and for no other public use, the easement acquired by the public is limited to the right to travel over the same. *Makepeace* v. *Worden*, 1 N. H. 16. The soil and freehold belong to the land-owner, subject only to the public easement for travel, and he may use the land in any manner not inconsistent with the public convenience. How far the use of a highway for the laying down of water- and gas-pipes, the construction and running of tramways (*Attorney-General* v. *Metropolitan Railroad*, 125 Mass. 515), the erection of telegraph poles and stringing of telegraph wires (*Pierce* v. *Drew*, 136 Mass. 75), and other similar uses, is permissible as being a use for which the land was originally taken, we are not called upon at this time to consider. But no new servitude, not in the nature of public travel, can be imposed upon the land against the consent of the land-owner, without a further condemnation of his land under the right of eminent domain and the award of adequate compensation therefor. The erection of a watch- or tramp-house, jail, pest-house, or other public building within the limits of a highway, is not a use of the way in the nature of public travel. If such structures may be lawfully located within the limits of a highway, without a taking of the land for that purpose, they may be placed in such position with reference to the land-owner's adjoining premises as to darken his windows, block his passage-ways, obstruct the prospect from

his dwelling, and in other ways seriously impair or destroy the value of his property. Such structures might, in fact, become private nuisances of the most objectionable description, for which the land-owner would have no legal redress, and from which he might not escape except by removing to some other place. No such use of the highway was contemplated when his land was taken and his damages assessed. The record of the laying out shows that Alexander gave the land; but it must be presumed he gave it only for use as a highway. If it was intended that the fee should pass to the town, it is quite likely a conveyance of some sort would have been executed in writing.

If the spot upon which the watch-house was built was within the limits of a highway, the plaintiffs wrongfully placed it there. Whether the *locus* was or was not within the limits of a legal highway, the defendant had the legal right to remove the structure.

This view of the case renders it unnecessary to decide whether the highway in question is a legal highway.

*Exception overruled.*

CARPENTER, J., did not sit: the others concurred.