WILLIAM F. BURR *vs.* JOSEPH B. STEVENS.

Kennebec.   Opinion July 22, 1897.

*Way.   Adjacent Owner.   Easement.   Driveway.   R. S., c. 18.*

Whenever public necessity or convenience requires that the whole of a highway, or any portion greater than that previously traveled, should be built as a road for public travel, the duty and exclusive authority for doing such work as may be necessary for such purpose, is given by statute to road commissioners or highway surveyors.

*Held* ; that entering upon land within the limits of the highway although outside of the wrought portion, and widening the road by excavations or embankments to the prejudice of the adjacent owner or in disturbance of his soil, is an unlawful act.

The parties were owners of adjoining lots of land, both on the highway.
For the purpose of passing between his lot and the wrought portion of the
highway, the defendant constructed a driveway by making excavations and
piling up rocks and refuse across the plaintiff's land, but outside of the
wrought or traveled part of the highway.

*Held ;* that the defendant had no right to build the driveway upon the land of
the plaintiff, although it was within the limits of the highway, for his priv-
ate use and convenience, notwithstanding there was difficulty in passing
directly from his land to the highway.

AGREED STATEMENT.

This was an action of trespass q. c. in which the plaintiff alleged
that the defendant with force and arms broke and entered the
plaintiff's close in West Gardiner, and then and there drove his
horse and wagon over the plaintiff's land, continually using the
same for a driveway; also for digging up the ground and deposit-
ing rags and refuse, and moving stones thereon; and, also for
digging and leaving a ditch there of more than one hundred feet in
length, two feet wide and ten to fifteen inches deep.

The defendant pleaded the general issue, and also filed a brief
statement, as follows: "That it is true that he has used and
maintained the driveway complained of, and says that he is justi-
fied in so doing because:

"1st. Said way is wholly within the limits of the highway, and
that he has a right to pass and repass over the same as his conven-
ience may require, and incidentally thereto to remove any obstruc-
tions and make any repairs necessary to secure his safety as one of
the public.

"2nd. That owing to the steep declivity in front of his home-
stead from the limit of the highway, it is necessary for him to take
this diagonal course to reach the wrought or traveled part thereof
with reasonable safety and convenience.

"3d. That this defendant and his predecessors in title have
used and maintained said driveway for more than twenty years,
and that all the acts complained of were done solely in maintain-
ing and repairing said driveway and were necessary therefor."

When the action came to trial, and after presentation of the evi-
dence, and a view of the premises by the court and jury, it was

agreed that the facts should be reported to the full court and submitted for its determination upon the following agreed statement of facts:

"It is admitted and agreed that the defendant, Joseph B. Stevens, and his predecessors in title, have used the driveway in question substantially as it is now, for more than twenty years.

"That on account of the declivity in front of the defendant's own premises to the traveled part of the highway, the use of the driveway in question upon the fee of the plaintiff between the line of the highway, and the wrought part thereof, is reasonably necessary to obtain convenient and safe access to the traveled part of the highway.

"That the whole of the land on which the alleged trespasses were committed is within the limits of the highway.

"That the acts of the defendant complained of, in the second and third counts of the writ, were only such as were reasonably necessary to make and maintain said driveway safe and convenient for travel.

"If upon the foregoing statement of facts the plaintiff is entitled to recover, he shall have only nominal damages and costs of court, without witness fees; if otherwise, the defendant shall have judgment for costs of court without witness fees."

*A. M. Spear* and *W. D. Whitney*, for plaintiff.

*A. C. Stilphen*, for defendant.

Highway, traveler and easements: *Morton* v. *Moore*, 81 Maine, 573; *Stackpole* v. *Healey*, 16 Mass. 33; *Gerrish* v. *Brown*, 51 Maine, 256; *Corthell* v. *Holmes*, 88 Maine, 376; *State* v. *Kittery*, 5 Maine, 259; *Johnson* v. *Whitefield*, 18 Maine, 286; *Stinson* v. *Gardiner*, 42 Maine, 248; *Dickey* v. *Maine Tel. Co.*, 46 Maine, 485; *Dunham* v. *Rackliff*, 71 Maine, 345; *Parsons* v. *Clark*, 76 Maine, 476; Dillon Mun. Corp. 4th Ed. p. 465; *Reck* v. *Smith*, 1 Conn. 103—132; *Cole* v. *Drew*, 44 Vt. 48.

Adverse use: *Coolidge* v. *Learned*, 8 Pick. 504; *Ashley* v. *Ashley*, 4 Gray, 197; *Ward* v. *Warren*, 82 N. Y. 265; *Curtis* v. *Angier*, 4 Gray, 547; *Luttrell's Case*, 4 Coke's R. 86; *Phillips* v.

*Rhodes*, 7 Met. 322; *Hill* v. *Lord*, 48 Maine, 96; *Brownlow* v. *Tomlinson*, 1 Manning & Granger's, Eng. Common Pleas Rep. 484; *Manion* v. *Creigh*, 37 Conn. 462; *Gloucester* v. *Beach*, 2 Pick. 59, note.

SITTING: WALTON, EMERY, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

WISWELL, J. The parties are owners of adjoining lots of land, both upon the highway. For the purpose of passing between his lot and the highway, the defendant constructed a driveway, by making excavations and piling up rocks and refuse, across the plaintiff's land, within the limits of the highway as located, but outside of the wrought or traveled portion thereof. These acts and the use of the driveway by the defendant are the trespasses complained of. The case comes to the law court upon agreed facts with the stipulation that if the defendant is liable the damages shall be nominal.

It is unnecessary to decide whether the defendant has the right to use any portion of the highway as located for the purpose of passing between his lot and the highway, or whether, as he claims, he has gained a right by prescription to use this driveway, under the facts stated, because whatever his rights may be in regard to passing over the land of the plaintiff, he clearly had no right to make excavations or pile up rocks upon the plaintiff's land, even if this was reasonably necessary in making the driveway used by him, safe and convenient.

"The owner of land over which a highway is laid retains his right in the soil for all purposes which are consistent with the full enjoyment of the easement acquired by the public. This right of the owner may grow less and less as the public needs increase. But at all times he retains all that is not needed for public uses, subject however, to municipal or police regulations." *Allen* v. *City of Boston*, 159 Mass. 324.

The public have no right in a highway, excepting the right to pass and repass thereon. *Stinson* v. *Gardiner*, 42 Maine, 248.

It necessarily follows that the defendant had no right to build a driveway upon this land of the plaintiff, although within the limits of the highway, for his private use and convenience. In the use of this driveway he was not a traveler upon the public highway, but it was built and used by him for his private convenience because of the difficulty of passing directly from his land to the highway.

Whenever the public necessity or convenience requires that the whole, or any greater portion than previously traveled, of a highway, should be built as a road for public travel, the duty and exclusive authority of doing such work as may be necessary is given by our statutes to the road commissioners or highway surveyors.

The law is thus stated in *Hollenbeck* v. *Rowley*, 8 Allen, 473.

" But entering upon land without the traveled road, and by excavations or embankments widening the road, to the prejudice of the adjacent owner, or in disturbance of his soil, is an unauthorized act. Gen. Sts. c. 44, vest in the surveyors of highways the authority for making all necessary repairs on public highways; and individuals, unauthorized by such surveyors or other lawful authority, cannot lawfully enter upon the land of the adjacent owner situated without the limits of the worked road, and take and remove earth; nor can they interfere with the same by placing rocks, stones and rubbish upon his land without the limits of the worked and traveled way."

The entry will therefore be,

*Judgment for plaintiff.*
*Damages assessed at one dollar.*