EXCELSIOR NEEDLE COMPANY *vs.* CITY COUNCIL OF SPRINGFIELD.

Hampden.    March 11, 1915. — April 15, 1915.

Present: RUGG, C. J., LORING, DE COURCY, & PIERCE, JJ.

*Statute*, Construction. *Springfield. Way*, Public. *Eminent Domain. Certiorari.*

The provision of St. 1904, c. 443, § 2, that "any city in the Commonwealth so far as the territory within its limits is concerned, may in the manner hereinafter set forth, take in fee by right of eminent domain the whole of any estate, part of which is actually required for the laying out, alteration or location by it of any public work, if the remnant left after taking such part would from its size or

shape be unsuited for the erection of suitable and appropriate buildings, and if public convenience and necessity require such taking," confers no authority to take the fee of any land except in cases where there would be an unsuitable remnant left if only the part actually required for the public undertaking were taken; and accordingly the right to take land in fee is conditional upon there being such an unsuitable remnant which also is taken.

The city of Springfield under its charter, St. 1852, c. 94, § 14, as amended by St. 1872, c. 334, and St. 1873, c. 126, and under the general laws has no authority in laying out or widening a public way to take by eminent domain more than an easement except under the circumstances provided for in St. 1904, c. 443, § 2.

An attempt by the city of Springfield under St. 1904, c. 443, § 2, to take in fee by right of eminent domain only the part of a certain estate of land which it required for the widening of a public way, which is void as being beyond the powers of the city, cannot be construed as a taking of the public easement which the law allowed to be taken.

A delay of more than seven months, in filing a petition for a writ of certiorari to quash unlawful proceedings by the city council of a city for taking in fee certain land of the petitioner for the purpose of widening a public way, where such delay was occasioned by genuine efforts to adjust the whole matter by a compromise, and where the petition was filed immediately after the failure of such efforts and the right of the petitioner to contest the validity of the taking had been reserved expressly from the beginning and had been agreed to by the representatives of the city, was not considered a ground for refusing to issue the writ, although a delay of such duration ordinarily would have been decisive against the petitioner.

PETITION, filed on January 4 and amended on January 16, 1915, for a writ of certiorari to quash the proceedings of the city council of the city of Springfield relating to the alleged widening of Fulton Street between Cypress Street and Auburn Street in that city under an order of the city council approved by the mayor on May 26, 1914.

The case came on to be heard before *De Courcy*, J., who at the request of the parties reserved it upon the petition and answer and an agreed statement of facts for determination by the full court.

The portions of St. 1904, c. 443, referred to in the opinion other than § 2, of which all the material part there is quoted, are as follows:

"Section 22. A city may at any time, by proceedings under chapter forty-eight of the Revised Laws and acts in amendment thereof and in addition thereto or under any act giving it power to lay out, alter, relocate or widen ways, or in connection with proceedings under this act, take in fee any land in which it has previously taken or acquired an easement for a public highway, or may acquire such fee by gift or purchase."

"Section 24. The powers conferred by this act shall be in addition to those conferred on public officers and boards by existing law, and shall apply in the case of any public work situate within the limits of any city, notwithstanding any limitations with regard to taking, laying out, widening, relocating or altering highways or other public works in the city of Boston or elsewhere."

*C. E. Bell,* for the petitioner.

*C. H. Beckwith,* for the respondent.

Rugg, C. J. The city of Springfield, by proceedings which culminated in July, 1914, under the authority of St. 1904, c. 443, undertook to widen an existing public way. Its appropriate boards of officers determined to take in fee by right of eminent domain the whole of several estates, parts of which actually were required for such widening and parts of which were remnants lying outside the limits of the widening. A part of the petitioner's estate was required for the widening, but no part of its estate lying outside the limits of the widening was taken or attempted to be taken. Nevertheless, the part of its estate lying within the limits of the widening, together with other estates lying partly within and partly without such limits, were taken in fee. It is contended that this was beyond the power conferred by the statute. Its governing provision in this respect is in § 2, in these words: "Any city in the Commonwealth so far as the territory within its limits is concerned, may . . . take in fee by right of eminent domain the whole of any estate, part of which is actually required for the laying out, alteration or location by it of any public work, if the remnant left after taking such part would from its size or shape be unsuited for the erection of suitable and appropriate buildings, and if public convenience and necessity require such taking."

These words rightly interpreted confer no authority to take the fee of any land except in cases where there is an unsuitable remnant remaining after the part actually required for the public undertaking is seized by eminent domain. The right to take in fee expressly by unequivocal phrase is made conditional upon there being such remnant and its being taken.

This is the reason of the statute as well. Ordinarily, as proved by the experience of our history in the laying out of public ways,

the taking of the usual easement of travel is sufficient for public needs. A fee well might be deemed necessary only when the remnant was required, later to be sold, possibly with the usual incidents of ownership by the abutter of the fee in the street. The statute does not provide a general scheme for the taking of all land. It merely is engrafted upon existing authority to take land for public purposes. See § 24. The general procedure must conform to such pre-existing authority. St. 1904, c. 443, is supplementary to statutes conferring such power, when the peculiar facts arise to which alone it is applicable. The original statutory authority must be examined to ascertain the character and extent of the taking permitted for all other land except that to which St. 1904, c. 443, applies. The power possessed by the city of Springfield as to the widening of a public way was to take only the easement for travel, not the fee. See Sts. 1852, c. 94, § 14; 1872, c. 334, § 4; 1873, c. 126, § 6. Hence, when the city of Springfield needed only the land within the widening, that is the limit of its power to take. Its attempt to take the fee of the petitioner's land was in excess of its power. There is nothing which aids the respondent in § 22.

The terms of the statute by which the power to exercise eminent domain is conferred must be complied with. A loose attempt plainly in excess of the authority conferred cannot be construed as an exercise of the power actually existing when the words used in the instrument of taking are not fairly susceptible of being construed to mean that which in law was allowed. The attempt by the respondent to take the fee of the petitioner's land when it was empowered only to take an easement in that land cannot fairly be construed as a taking of an easement. *Lajoie* v. *Lowell,* 214 Mass. 8.

Under the peculiar circumstances of this case, we are of opinion that the writ ought to issue in the interests both of the city and the petitioner. Upon the estate of the petitioner within the limits of the widening are brick buildings in which a manufacturing business is conducted and in which, presumably, there is machinery more or less expensive and valuable. The title to buildings and machinery ought to be made clear by a legal taking. Although ordinarily delay like that in the case at bar before bringing the petition for certiorari would be decisive against the

petitioner, yet it is agreed by the terms of the report that in substance the right of the petitioner to contest the validity of the taking was expressly reserved from the beginning and agreed to by the representatives of the city, and the delay was occasioned by genuine efforts to adjust the whole matter by a compromise, and immediately upon the failure of these efforts this petition was brought. Moreover, it is agreed that the city has done no work of highway construction within the limits of the widening, and that it has purchased in fee by deeds in due form the lands of all persons affected by the widening, with a single exception, aside from that of the petitioner. The title thus acquired hardly would be diminished or affected by the issuance of the writ. No sufficient reason appears for refusing the relief prayed for.

*Writ to issue.*