Grafton,  }
May 7, 1929. }

MARIANNE PERRY BALDWIN & a. v. JAMES BURNS WALLACE.

*Stanton Owen* and *Fred S. Wright,* for the plaintiffs.

*Jewett & Jewett,* for the defendant.

PEASLEE, C. J.    This proceeding is brought to remove a cloud from the title to a strip of land now or formerly a part of a highway in the town of Canaan, and for an assessment of damages for trespass thereon. The locus lies between two lots owned by the plaintiffs. The defendant claimed through a deed of it, prior in date to the plaintiffs' deed, but not recorded until after the plaintiffs took and recorded their deed, in ignorance of the defendant's claim.

In his argument here, the defendant has not relied upon any claim of title by deed, but defends solely upon the proposition that the plaintiffs have not shown title. At the trial before a master, there was controversy as to whether the highway, laid out in 1795, was legally discontinued in 1861. Upon this issue the master found in favor of the plaintiffs. But he also ruled "that the defendant's liability is un-

affected by the existence or non-existence of a highway of which the 'locus' now or once formed a part." If this ruling is sound, there is no occasion to consider the questions raised upon the issue of discontinuance.

It is elementary that deeds of the lots on the two sides of the road, and bounded thereby, would convey the grantor's title in the highway. *Goodeno* v. *Hutchinson*, 54 N. H. 159, and cases cited; *Woodman* v. *Spencer*, 54 N. H. 507; *Manchester* v. *Hodge*, 74 N. H. 468. Title to this strip of land, subject only to the public easement, if one existed, was established.

This title was a valuable right, susceptible of vindication as against intruders. As to everything except the public right of passage and the incidents thereto, the land was the property of the plaintiffs. *Lyford* v. *Laconia*, 75 N. H. 220. They have a right to recover for the defendants' trespass thereon and to be paid the value of the trees he cut and carried away. *Bigelow* v. *Whitcomb*, 72 N. H. 473, and cases cited.

It is not perceived why the defendant's earlier deed, put on record after the plaintiffs had acquired title, is not a cloud upon that title which the plaintiffs are entitled to have removed. *Woodbury* v. *Swan*, 58 N. H. 380. No question has been raised as to the propriety of the procedure adopted to settle this controversy. The defendant answered to the merits and tried out the facts; and no objection to jurisdiction has been offered, except to the assessment of the damages caused by the defendant's trespass. "It is the practice of courts of equity, having jurisdiction, to administer all relief which the nature of the case and facts demand." *Manchester Amusement Company* v. *Conn*, 80 N. H. 455, 461. Earlier and later cases are to the same effect. *Gale* v. *Sulloway*, 62 N. H. 57; *French* v. *Westgate*, 70 N. H. 229; *Manchester Dairy System* v. *Hayward*, 82 N. H. 193.

The master's conclusion that the plaintiffs are entitled to a decree removing the cloud upon their title, caused by the defendant's deed and the record thereof, and for the agreed damages, was correct.

*Decree for the plaintiffs.*

All concurred.