ROGER BROOKS *vs.* FRED BESS.

Somerset.       Opinion, December 8, 1937.

*Gower & Eames*, for plaintiff.
*Butler & Butler*, for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MAN-
SER, JJ.

HUDSON, J.   Report on agreed statement of facts.

This is an action of trover brought against a former road com-
missioner of Skowhegan for an alleged conversion of thirty-five
cords of wood. The defendant caused this wood to be cut and re-
moved from land within the exterior limits of a town way, of which
the wrought portion was only eight feet wide. The plaintiff owned
the adjoining land.

It is conceded that "the defendant allowed the workmen to re-
move this growth from the premises to their respective homes and
use the same for domestic purposes."

Also that the purpose of cutting and removing the trees was to
widen the wrought portion of the way so that it could be plowed by
"a modern motor driven snow plow."

It is not claimed that the defendant did not have the right to cut
and remove this growth.

It is well-established law that presumptively the adjoining land-
owner owns the soil to the center of the way. Subject to the ease-
ment of passage, he may cultivate the soil and take the herbage
growing thereon. *Dyer* v. *Mudgett*, 118 Me., 267, 268, 107 A.,
831. Also see *Burr* v. *Stevens*, 90 Me., 500, 503, 38 A., 547; *Farns-*

*worth* v. *City of Rockland,* 83 Me., 508, 512, 22 A., 394; *Wellman* v. *Dickey,* 78 Me., 29, 30, 2 A., 133; *Lynn* v. *Hooper,* 93 Me., 46, 50, 44 A., 127.

"The public have no right in a highway excepting the right to pass and repass thereon. *Stackpole* v. *Healy,* 16 Mass., 33. 'Subject to the right of mere passage, the owner of the road is still absolute master.' " *Stinson* v. *City of Gardiner,* 42 Me., 248, 254.

The town in which the road lies holds title to the easement as trustee for the travelling public. *Inh. of Charlotte* v. *Pembroke Iron Works,* 82 Me., 391, 393, 19 A., 902.

Nothing in this record rebuts the presumption of centerline ownership. As owner of the soil, the title to these trees was in the plaintiff, subject, however, to the right of cutting and removal in order to make possible the enjoyment of the easement.

The New Hampshire Court has declared:

"Generally they" (meaning trees by the roadside) "are the property of the adjoining land owner. In the absence of evidence transferring the title out of him, it is to be assumed such trees are his property. In him is vested the right of property and of beneficial enjoyment. The public has no right to the trees or to use them, even if necessarily removed, to construct or maintain the way. For any interference with his possession or right of possession in such trees the adjoining owner has his action." *McCaffery* v. *Concord Electric Company,* 114 A., 395.

Also in *Baldwin et al.* v. *Wallace,* 146 A., 90 (N.H.), it is stated:

"As to everything except the public right of passage and the incidents thereto, the land was the property of the plaintiffs. . . . They have a right to recover for the defendants' trespass thereon and to be paid the value of the trees he cut and carried away."

As the plaintiff owned the trees before they were cut and removed, the wood therefrom was his when converted. It is not con-

tended that the acts of the defendant in allowing the workmen to take and consume this property did not constitute conversion.

But the defendant claims a defense under Sec. 79 of Chap. 27, R. S. 1930. Therein it is provided:

"Each city, town, or plantation shall each year set aside five per cent of the money raised and appropriated for ways and bridges, to be used in cutting and removing all trees, shrubs and useless fruit trees, bushes and weeds, (except shade trees, timber trees, cared-for fruit trees, and ornamental shrubs) growing between the road limit and the wrought part of any highway or town way, until all the trees, shrubs and worthless fruit trees, bushes and weeds, have been once removed from the limits of such highway or town way, after which the owner of the land adjoining such highway or town way shall each year, before the first day of October, remove all bushes, weeds, worthless trees, and grass from the roadside adjoining his cultivated or mowing fields. The city, town or plantation shall care for all land not included in the above, except wild land."

It is admitted that the trees in question do not come within the statutory exception.

We do not consider that this statute constitutes a defense to this action. Nowhere in it is to be found anything that indicates (although the right to cut and remove is given) that the abutter shall be divested of his property rights in the trees when cut and removed.

In Section 79 a duty is imposed upon the adjoining landowner (each year after the growth is once cut and removed by the town) "to remove all bushes, weeds, worthless trees and grass from the roadside adjoining his cultivated or mowing fields." In Section 80, if he does not do this, a lien is created upon his adjoining land to cover the actual expenses of such cutting and removal by the town. This provision indicates that the legislature considered the title to the trees to be cut and removed to be in him, for, if not so, why place upon him the burden to cut and remove, and create a lien upon his adjoining property, if he fails in the performance of his duty.

Such a statute must be construed strictly and any doubts, if they exist, be resolved in favor of him whose property is taken for

public purposes. The statute not only does not afford a defense but strengthens the plaintiff's position.

In the report it is stipulated, "if the Court finds the defendant liable, it may assess damages in the sum of eighty-seven dollars and fifty cents ($87.50)."

*Judgment for the plaintiff
in the sum of $87.50.*