**CITY OF ROCKLAND**

v.

**Helen F. JOHNSON and Dorothy E. Monson and Ethel G. French.**

Supreme Judicial Court of Maine.

June 26, 1970.

A. Alan Grossman and Barry M. Faber, Rockland, for plaintiff.

Frank F. Harding, Galen P. LaGassey, Rockland, for defendants.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE, WEATHERBEE and POMEROY, JJ.

POMEROY, Justice.

Before us is an appeal by defendants from a judgment entered by a Justice of the Superior Court sitting without a jury.

For many years appellants and their predecessors in title have owned real estate abutting the shore of Chickawaukie Lake and abutting what was once known as Highway Route # 17, Rockland, Maine.

The records of the Town of Thomaston, Maine,[1] (Vol. 1, 1777–1825, p. 260) reveal that at a meeting held December 29, 1806, the report of a committee consisting of Hezekiah Prince, Esq., John Wyllie and Thomas Staret, in the language of the report: "allowing Curtis Tolman $100.00" for "a road through his land" was accepted.

Chapter 58, Massachusetts Laws of 1796,[2] was statutory authority for such action.

---

1. A portion of Thomaston, including the locus of this dispute became the City of Rockland by Private & Special Laws of 1850, c. 322, Maine.

2. See: Massachusetts Laws of 1786, c. 67, cited and discussed in Smith v. Dickson, Me., 225 A.2d 631 at 633 (1967).

Curtis Tolman was appellants' predecessor in title to the property in dispute.

This road through Tolman's land, it is agreed, later became known as part of State Highway # 17. Sometime in the 1950's the location of the highway in the area of appellants' land was changed so that a small portion of the road became no longer used as a highway. The plaintiff thereafter erected fences, as the result of which through traffic was made impossible.

It then constructed a public beach, swimming and recreation area and a bathhouse on that portion of what the parties have referred to as old State Highway # 17, which is no longer used for through traffic.

Rockland filed a complaint against these appellants seeking an injunction restraining them from interfering with the use by it of the portion of old Route # 17 not now used as a highway. An injunction was issued.

This appeal resulted.

The injunction flowed from the conclusion by the single Justice that:

1. The Town acquired a fee in the land on which the highway was built by the taking of 1806.

2. There was no abandonment because the road is still dedicated to a public use, i. e., public beach and swimming facility.

We must and do sustain the appeal.

██ Under the civil law when a highway was established over private land no interest in the soil within the limits of the way remained in the owner. This has always been the law in Louisiana. Irwin v. Great Southern Telephone Company, 37 La.Ann. 63, and was the rule in New York while it, as a Province, was occupied by the Dutch. Kane v. New York El. R. Co., 125 N.Y. 164, 26 N.E. 278.

██ Unlike the civil law rule, the common law rule is that the public acquires only an easement in land taken for the establishment of the highway except as the rule has been changed by statute in some states.

As early as 1806 the Supreme Court of Massachusetts in Commonwealth v. Peters, 2 Mass. 125, said:

"When land is appropriated to the use of a highway, the use only is taken, and, except so far as that goes, the right of soil remains precisely as it was before—so much so, that the owner of the soil may recover it in ejectment, subject, however, to the easement; and he has a right to the freehold and all profits, above and under ground, except only the right of passage. So that the only effect of the discontinuance of the road is, that the land is discharged of the previously existing encumbrance."

See also: Excelsior Needle Co. v. City Council of Springfield, 221 Mass. 34, 108 N.E. 497; Lyford v. City of Laconia, 75 N.H. 220, 72 A. 1085 at 1090 (1909).

There are numerous decisions of our Maine Court to the same effect. Among them are Briggs v. Lewiston and Auburn Horse Railroad Co., 79 Me. 363, 10 A. 47 (1887); Burr v. Stevens, 90 Me. 500, 38 A. 547 (1897); Taylor v. Portsmouth, Kittery & York Street Railway, 91 Me. 193, 39 A. 560 (1898); Piper v. Voorhees, 130 Me. 305, 155 A. 556 (1931); Brooks v. Bess, 135 Me. 290, 195 A. 361 (1937).

In Burr v. Stevens, supra, the Court said:

"The owner of land over which a highway is laid retains his right in the soil for all purposes which are consistent with the full enjoyment of the easement acquired by the public. This right of the owner may grow less and less as the public needs increase. But at all times he retains all that is not needed for public uses, subject, however, to municipal or police regulations."

█ The public has no right in a highway except the right to pass and re-pass thereon. It follows then, the taking of 1806 gave the Town of Thomaston (later the City of Rockland) only an easement in the land so taken and not title in fee.

Conclusions which the single Justice reached were all based upon a major premise which, as we have seen, was faulty.

All findings made subsequent to the erroneous conclusion that the Town had acquired an estate in fee by the taking were necessarily also faulty.

The Court found there was no abandonment because the City has established a recreation area on a substantial portion of that part of old Route # 17 which was relocated. It is this area with which we are here concerned.

A case in which the facts were remarkably similar to the facts above recited was decided by the Supreme Court of New Hampshire in 1958. In that case (Hartford v. Town of Gilmanton, 101 N.H. 424, 425, 146 A.2d 851), the Court said:

"The record shows that Loon Pond Road was laid out as a highway only. 'When land is taken for public use as a highway, the landowner is entitled to receive a sum in damages, which, in theory of law, is an indemnity for the use for which his land is taken.' Winchester v. Capron, 63 N.H. 605, 606, 4 A. 795. The damages paid to plaintiffs' predecessor in title were therefore for an easement or right to use as a public way that part of his land contained in the layout. 'The soil and freehold belong to the landowner, subject only to the public easement for travel, and he may use the land in any manner not inconsistent with the

public convenience. * * * No new servitude, not in the nature of public travel, can be imposed upon the land, against the consent of the landowner, without a further condemnation of his land under the right of eminent domain, and the award of adequate compensation therefor."

█ The only right the City of Rockland had in the land which was the subject of this dispute was a right to the viatic use of the road by the public.[3]

█ Whether a given use is an additional servitude is a question of law. Williams v. Brooklyn El. R. Co., 126 N.Y. 96, 26 N.E. 1048.

█ When that part of old Route # 17 with which we are here concerned was discontinued as a through highway and was relocated, there resulted an abandonment.

█ "Establishing an alteration in a highway, is in law a discontinuance of the part altered." Commonwealth v. Inhabitants of Westborough, 3 Mass. 406 (1807). See also: Cohasset v. Moors, 204 Mass. 173, 90 N.E. 978.

The effect of such abandonment was to discharge the previously existing encumbrance on the land so abandoned. Commonwealth v. Peters, supra.

Plaintiff's action in establishing bathing facilities and a recreation area, including construction of a bathhouse on the discontinued portion of Route # 17, was without legal right. There was error in the contrary ruling of the Superior Court Justice.

The entry must be,

Appeal sustained.

3. For interesting discussion of question: Is permitted use of a highway by a railroad, the imposition of an additional servitude on such road, see: Briggs v. Lewiston and Auburn Horse Railroad Co., 79 Me. 363, 10 A. 47, and Taylor v. Portsmouth, Kittery & York Street Railway, 91 Me. 193, 39 A. 560.