STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.   RE-12-56
PAF-YOR-3/12/2014

ROGER M. BOUFFARD and
LIONEL A. BOUFFARD,

        Plaintiffs

v.

THE INHABITANTS OF THE TOWN
OF WATERBORO,

        Defendant

**ORDER AND JUDGMENT**
(TITLE TO REAL ESTATE AFFECTED)

1.    THE PARTIES

The plaintiffs are Roger M. Bouffard of Arundel, Maine, and Lionel A. Bouffard of Saco, Maine.   They were represented by David R. Ordway of Smith & Elliott, P.A. of Saco, Maine.

The Defendant is The Inhabitants of the Town of Waterboro represented by Natalie L. Burns of Jensen Baird Gardner & Henry of Portland, Maine.

2.    DOCKET NUMBER

The docket number is RE-12-56.

3.    NOTICE

All parties have received notice of the proceedings in accordance with the applicable provisions of the Maine Rules of Civil Procedure.

4.    THE REAL ESTATE INVOLVED

The plaintiffs are the owners of real estate in Waterboro, Maine, easterly of State Highway number 5 and bordering Ossipee Lake.   The property is described in a deed of August 6, 2010 from Charles H. Burgess, which is recorded at Book 15912, Page 855.

The defendant owns adjoining real estate called Gobeil Park described in a deed from the State of Maine of October 7, 1981 recorded at Book 2859, Page 283 and described in the deed of Gladys Wiggins of June 18, 1982 recorded at Book 2943, Page 233.

The disputed parcel is roughly depicted by the area shown with crossed lines in the attached exhibit A.

THE DISPUTE

The dispute, as do many involving land near water, involves legitimate competing claims to use a too scarce resource.   Roger Bouffard, with his father, purchased the property in August of 2010.   The property is adjacent to the Town's boat launching, swimming and picnicking area.   The area is popular and has heavy use. Too many boats and trailers are compressed into a too small area resulting in frequent interference with Mr. Bouffard's access to his property.   He suffered a serious back injury, must walk with crutches and finds it difficult to walk longer distances.   The practical problem is that too many people use too little space.   The legal issues involve a variety of statutes or legal doctrines surrounding the discontinuance, relocation or abandonment of older roads.

The plaintiffs have filed a four-count complaint concerning the land between the easterly sideline of the current location of State Highway 114 and the plaintiffs' cottage lot.   Count I sought a declaratory judgment and to quiet title to that land.   Count II sought a similar declaration pursuant to 14 M.R.S. §§5961 – *et seq.*   Count III sought similar relief pursuant to the quiet title procedures at 14 M.R.S. §§6651- *et seq.*   The

2

final count is brought as a real action pursuant to 14 M.R.S. §§6701 – *et seq.* The case has been tried without a jury and has been briefed.

The dispute involves the area immediately in front of Mr. Bouffard's cottage. Mr. Bouffard understandably believes that the area should be for his use, but it is often blocked by people using the nearby public land.

The parties have agreed the original location of what became Route 114 was laid out by the York County Commissioners in 1778 when Maine was still part of Massachusetts. At some point no later than 1952 the State of Maine took over the ownership and maintenance of this portion of Route 114. Between 1952 and 1958 the State relocated this portion of then Route 114, which is now known as Route 5. The State operated a rest area to the south of the Bouffard property since about 1966. That property was transferred to the Town in 1981 and 1982. The Town has maintained that area, now known as Gobeil Park, since late 1981. It is south of a brook.

In 1992 the Town discontinued that portion of Route 5, formerly 114, north of the brook. That area is roughly equal to the westerly half of former Route 114. The order of discontinuance was not well crafted.

Both parties have cited the brief Law Court opinion of *City of Rockland v. Johnson*, 267 A.2d 382 (Me. 1970). That case also involved a lake and a former state highway. In *Johnson* a small portion of the road was no longer used following a discontinuance. Fences were put up and through traffic became impossible. A beach and recreation area was established.

The key difference between *Johnson* and the current Bouffard case is found at page 385 of *Johnson* where the Law Court stated, "When the part of old Route #17 with which we are here concerned was discontinued as a through highway and was relocated, there resulted an abandonment." Since the fee was never owned by the public the sole right to pass and repass was lost. However, in our case there was no

3

"discontinuance as a through highway." The use of the road remained. The public continued to use the area as it had before to get to and from Gobeil Park. A public easement remains.

Additionally, pursuant to 23 M.R.S. §3026 a public easement is retained following a discontinuance. I need not consider whether the discontinuance was proper in all details as the time to challenge it has long expired.

The Town has argued in the alternative that the public has acquired an easement by prescription. It is not necessary to reach that argument. There are disputes as to what portion of the land was used by its owners and the public, during which periods and whether there was full, partial or no acquiescence.

While the public has an easement, Mr. Bouffard has a legitimate grievance. Any actions that the Town can take to lessen the inconvenience for Mr. Bouffard would be proper.

The entry is:

Judgment for the defendant on the complaint. There is a public easement over the area formerly part of Route 114 that is north of the stream. That easement includes the right of passage and the right to briefly park solely for the purpose of tying down boats.

The defendant shall record an attested copy of this judgment and pay the appropriate recording fees.

Dated: March 12, 2014

Paul A. Fritzsche
Justice, Superior Court

The appeal period has expired without action or final judgment has been entered after remand following appeal.

Date: _____      _____
                                                                    Clerk

4

ATTORNEY FOR PLAINTIFFS:
DAVID R ORDWAY
SMITH & ELLIOTT, PA
199 MAIN STREET
PO BOX 1179
SACO ME  04072

THOMAS WELCH
BERGEN & PARKINSON LLC
62 PORTLAND ROAD, SUITE 25
KENNEBUNK ME  04043

ATTORNEY FOR DEFENDANT :
NATALIE BURNS
KENNETH COLE
JENSEN BAIRD GARDNER HENRY
10 FREE STREET
PO BOX 4510
PORTLAND ME  04112