## COMMONWEALTH *vs.* ANSON P. ROWE.

Suffolk. January 29. — 30, 1886. HOLMES & GARDNER, JJ., absent.

A regulation of the board of aldermen of a city provided that no person having the care or ordering of a vehicle should suffer the same to stop in a street more than twenty minutes. A complaint alleged that the defendant, on a day named, "was the person then and there having the care and ordering of a certain vehicle, to wit, a cab, and did then and there, without having any license, authority, or appointment, according to law, so to do, suffer said vehicle to stop in a certain public street situate within said city, and called C. Street, for a longer time than twenty minutes." *Held,* that the complaint was sufficient.

COMPLAINT to the Municipal Court of the city of Boston, alleging that the defendant, on August 21, 1885, at Boston, " was the person then and there having the care and ordering of a certain vehicle, to wit, a cab, and did then and there, without having any license, authority, or appointment, according to law, so to do, suffer said vehicle to stop in a certain public street situate within said city, and called Causeway Street, for a longer time than twenty minutes, against the peace . . . . and the revised standing regulations of the board of aldermen of said city," &c.

In the Municipal Court, and in the Superior Court on appeal, before the jury were empanelled, the defendant moved to quash the complaint, assigning the following reasons therefor : " 1. Said complaint contains only one count, and there is not any offence set forth in said count known to the laws of the land. 2. It is not alleged, and does not appear in said count, in what place or locality in said street said vehicle was suffered to stop by said defendant. 3. It is not alleged in said count, that said defendant suffered said vehicle or cab to stand or stop in one particular place or locality in said street, at any one time, for a longer space of time than twenty minutes. 4. It is not alleged in said complaint at what period of time, on said twenty-first day of August, said defendant suffered said vehicle or cab to stop on said street." *Blodgett*, J., overruled the motion.

The jury returned a verdict of guilty ; and the defendant alleged exceptions.

*C. R. Morse*, for the defendant.

*E. J. Sherman*, Attorney General, *& H. N. Shepard*, Assistant Attorney General, for the Commonwealth.

BY THE COURT. The motion to quash was rightly overruled. The regulation of the board of aldermen, under which the complaint is brought, provides that no person " having the care or ordering of a vehicle shall suffer the same to stop in a street for more than twenty minutes." The obvious meaning of the regulation is that no vehicle shall be allowed to make a continuous stop of more than twenty minutes. The complaint substantially follows the regulation, and, by its natural and obvious construction, charges a continuous stopping for a longer time than twenty minutes, and is sufficient. *Commonwealth* v. *Barrett*, 108 Mass. 302. *Commonwealth* v. *Fenton*, 139 Mass. 195.

*Exceptions overruled.*