JEREMIAH M. MORAN & another *vs.* THOMAS F. GALLAGHER.

Worcester. September 3, 1908. — September 4, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Intoxicating Liquors. License. Real Estate. Words,* "Owner."

The owner of the fee in a public street forty feet wide, which is immediately in front of certain premises, is an " owner of real estate within twenty-five feet of the premises," against whose objection, made in accordance with R. L. c. 100, § 15, no license to sell intoxicating liquors to be drunk on such premises can be granted.

PETITION, filed in the Supreme Judicial Court for the county of Worcester June 12, 1908, for a writ of certiorari to set aside

the action of the respondent, judge of the Police Court of Fitchburg, in revoking a license, which had been granted to the petitioners by the board of license commissioners of that city, to sell intoxicating liquors to be drunk on the premises.

There was a hearing before *Rugg*, J., who reserved the case for consideration by the full court.

The case was submitted on briefs.

*D. I. Walsh & T. L. Walsh*, for the petitioners.

*C. F. Baker & E. W. Baker*, for the respondent.

KNOWLTON, C. J. This is a petition for a writ of certiorari to set aside an order of the Police Court of Fitchburg, revoking a license of the petitioners to sell intoxicating liquor to be drunk on the premises. The order was made under the R. L. c. 100, § 15. It is undisputed that the Simonds Manufacturing Company, the applicant before the police court for a revocation of the license, had duly objected to the granting of the license, as an owner of real estate within twenty-five feet of the premises described in the application for the license. The only question that arises under the present petition is whether it was such an owner of real estate within the meaning of the statute.

It appears that it was the owner of the real estate on the opposite side of the street, which was forty feet wide at that point, and it was also the owner of the fee of the entire street in front of the property described in the application for a license. It had a perfect title to the land in the street, subject to an easement of the public to use it for travel. The precise question is whether the existence of such an easement in land within twenty-five feet of the premises described in an application for a license leaves the owner of the fee with such a title as is necessary to constitute him an owner of the real estate within the meaning of the statute.

There is no doubt that in a general sense he is the owner, and "has a right to the enjoyment of any use of his estate consistent with the servitude to which it is subjected, and may maintain trespass for any interruption of his enjoyment." *O'Linda* v. *Lothrop*, 21 Pick. 292, 297. *Proprietors of Locks & Canals* v. *Nashua & Lowell Railroad*, 104 Mass. 1, 9, 11. He may build his cellar under the highway. *Allen* v. *Boston*, 159 Mass. 324, 335. See also *Commonwealth* v. *Morrison*, 197 Mass. 199.

If the highway or street is discontinued, his title immediately becomes absolute.

If the contention of the present petitioners could be maintained, there would be ground for a similar contention against an owner of land subject to the easement of a private way, especially if the persons entitled to use the way were numerous. It might be argued that other burdensome easements would have the same effect to deprive the owner of his right, under the statute, to object to the issuing of a license.

We are of opinion that the Simonds Manufacturing Company was plainly the owner of the land in the street, within the ordinary meaning of the word. There is no good reason for holding that the word is used in the statute otherwise than in its ordinary signification, and the entry must be

*Petition dismissed.*