WILLIAM B. ADAMS & another *vs.* MEMBERS OF THE LICENSING BOARD OF BOSTON.

Suffolk. · March 18, 1915. — June 21, 1915.

Present: RUGG, C. J., LORING, BRALEY, & PIERCE, JJ.

*Intoxicating Liquors,* License to sell. *Assignment,* Of liquor license. *Certiorari.*

Where the holder of a license of the first class to sell intoxicating liquors on certain premises in Boston, issued to the holder on May 1 of a certain year by the licensing board of that city, was adjudicated a bankrupt and on June 4 of the same year his trustee in bankruptcy, with the assent and approval of that

board, sold and assigned the license to one to whom on that day the board issued a first class license to expire on April 30 of the following year and on such April 30 on his application issued to the same person another license for a year, if in the February before the expiration of the second license such holder makes application for a new license to be issued on the following May 1, to the issuance of which an owner of real estate within twenty-five feet duly objects in writing, such last holder of the license has not "held a license for the sale of intoxicating liquors upon said premises . . . for the two years next preceding the date of his application," within the meaning of R. L. c. 100, § 15, as amended by St. 1906, c. 287, § 1, and therefore under the provisions of that section the licensing board must refuse to grant the application.

*Whether* a petition for a writ of certiorari is the proper method of bringing to this court the legality of a refusal by the licensing board of Boston under R. L. c. 100, § 15, as amended by St. 1906, c. 287, § 1, to grant an application for a license for the sale of intoxicating liquors, was not decided in this case, where the petition was dismissed upon its merits.

PETITION, filed on April 28, 1914, and afterwards amended, for a writ of certiorari to quash the proceedings of the respondents refusing to grant a license of the first class for the sale of intoxicating liquors on the premises numbered 321 on Tremont Street and 98 on Pleasant Street in Boston.

The respondent filed an answer and the case was heard by *Carroll,* J., who ordered that the petition be dismissed and reported the case to the full court for determination.

*H. V. Cunningham,* for the petitioners.

*L. G. Brooks,* for the respondent, was not called upon.

PIERCE, J. For several years continuously previous to June 4, 1912, the premises numbered 321 Tremont Street and 98 Pleasant Street in Boston were occupied by one John A. Sullivan as a retail liquor dealer under and as the owner of a first class liquor license.

John A. Sullivan became bankrupt and on June 4, 1912, his trustee in bankruptcy, in consideration of a sum of money paid to him by the petitioners sold and assigned to the petitioners the license of Sullivan, with the assent and approval of the respondent. On June 4, 1912, a license of the first class to sell liquor on the premises, expiring April 30, 1913, was issued to the petitioners, and on May 1, 1913, a new and similar license, was issued to the petitioners.

On February 24, 1914, the petitioners made application for a similar license to expire on April 30, 1915.

On March 23, 1914, Mary E. Jones, an adjoining owner within

twenty-five feet of the licensed premises, filed a protest conformable to R. L. c. 100, § 15, as amended by St. 1906, c. 287, § 1. The respondents after due hearing sustained the protest and on that ground refused the petitioners' application for a license.

Section 15 of R. L. c. 100, as amended by St. 1906, c. 287, § 1, reads: "If before the expiration of the ten days following the publication of the notice . . . the owner of any real estate within twenty-five feet of the premises described in an application for a license to be exercised by a common victualler to sell liquors to be drunk on the premises notifies the licensing board in writing that he objects to the granting of the license, no license to sell intoxicating liquors to be drunk on said premises shall be granted, unless the applicant therefor shall, for the two years next preceding the date of his application, have held a license for the sale of intoxicating liquors upon said premises."

In the case at bar the applicants had not held a license for the sale of intoxicating liquors upon the premises for two years next preceding the date of their application.

The statute is apt in phrasing and its explicit language leaves no room for doubt as to its purpose and intent. The board properly could not have construed the statute so broadly as to include the occupation of the applicant's assignors in determining whether the applicant had held a license for the two years next preceding the date of his application for a license.

Assuming, but without so deciding, that a writ of certiorari lies in a case like the present, (see *Dexter* v. *Town Council of Cumberland*, 17 R. I. 222, *Moran* v. *Gallagher*, 199 Mass. 486,) the petition must be dismissed.

*So ordered.*