MacDonough Point Corporation *v.* C. C. Field.

January Term, 1937.

Present: Powers, C. J., Slack, Moulton and Sherburne, JJ., and Sherman, Supr. J.

Opinion filed May 4, 1937.

*Warren R. Austin, Jr.* (*Austin & Edmunds,* of counsel) for the plaintiff.

*M. G. Leary* for the defendant.

SLACK, J. The petition alleges that plaintiff owns certain premises located on Lake Champlain in the town of Ferrisburg on what is known as MacDonough Point, where it conducts a camp or school for girls; that on various occasions before the commencement of this suit defendant, with other persons whom he escorted there, entered upon such premises without right and "undressed on said premises in view of the young girls who attended the plaintiff's camp or school, and otherwise conducted himself in such a ribald and tumultuous manner as to be offensive to the officers and girls attending the plaintiff's camp or school and to harm the discipline thereof, * * * and threatens and intends to continue said unlawful acts and to further trespass upon plaintiff's land," and prays that he be perpetually enjoined from so doing, and for general relief, etc. The answer is a general denial. The case was heard on the merits by a chancellor. On the facts found the petition was dismissed, and plaintiff appealed.

The material findings are these: The plaintiff owns land located as stated in the petition, where it operates a summer school for girls. In 1816 a highway was laid out over such land which extended along close to the waters of the lake at what is referred to as Little Bay or Keeler's Bay. All of the land at this point westerly of such highway, if any, and a portion of the highway have been carried away by the waters of the lake. The findings indicate that the rest of the highway has been in continuous use to the present time. The alleged trespasses complained of by plaintiff took place within the limits of such old road as described in the 1816 survey, on land owned by plaintiff, subject to whatever rights the public may have because of the locus of the alleged trespasses being within its limits. The place where defendant claims the right to bathe, and threatens to in the future, as hereinafter stated, was used by such of plaintiff's students as had not learned to swim, for bathing, and the abutting shore was used by them for picnicking, and the use of those places by others made them less desirable for plaintiff.

On July 25, 1934, Mrs. Chase, an officer of plaintiff, saw people bathing at the place above mentioned. She notified them that they were trespassing, and requested them to leave. They did so, but informed her that defendant told them that it was public property, and they had a right to use it for bathing. Later, the same day, she saw another crowd of people at the same place, and again went there. Defendant was sitting on a rock, and several people in his company were bathing in the lake, or preparing to do so. She told defendant that he had no right there without permission of the landowner. He denied this, and claimed that he had as much right there as she had, and as good right to order her off as she had to order him away. He also told her that he had been there to bathe for years, insisted that he had a right to, and said that he should continue to do so, or words to that effect. Those who were bathing at that time made some noise, but the chancellor says that the evidence did not warrant a finding that any foul or improper language was used, or that any action took place that could be called obscene or improper, unless the act of bathing might be so termed. On both of these occasions the cars used by the people who were there were parked a short distance from the water's edge, within

the limits of the highway as shown by the 1816 survey. The defendant, both as an individual and as a member of the public in general in Ferrisburg, has used the highway as laid out in 1816 for about fifty years, whenever he wanted to, to get to the lake for the purpose of bathing, and during all that time has taken others with him when he cared to. He has done this "under a claim of right, openly and continuously, in the sense that he has done so whenever he desired, and without asking or receiving permission from anyone." Several years ago he used such highway for the purpose of drawing away from the lake the parts of an old schooner he had taken down near the place in question, and on different occasions has drawn gravel over it. He did not ask or receive permission from the owner of the fee to do any of these acts. The general public in Ferrisburg have used such highway for more than fifteen years to get to the swimming place in question and during all that time have been in swimming there without asking or receiving permission from anyone to do either. There is no other place in Ferrisburg, on Lake Champlain, suitable for bathing that can be reached by the public over a duly laid out highway. There was no evidence that plaintiff had lost any students by reason of the alleged acts, or from which its damage, if any, could be determined.

█ The allegations of the petition, respecting the trespasses claimed to have been committed, and threatened, by defendant, are quoted in full early herein. There is no finding respecting any of them that will support these proceedings. It is not found that defendant, or other persons whom he escorted there, undressed on plaintiff's premises in view of the girls attending its school, or otherwise conducted themselves in a ribald and tumultuous manner. Whether defendant's conduct toward Mrs. Chase, the incident having happened on plaintiff's land, would make him liable in an action of trespass, see *State* v. *Buckner*, 61 N. C. 558, 98 A. D. 83; *Adams* v. *Rivers*, 11 Barb. 390; 13 R. C. L. 126, we do not consider since plaintiff has not briefed it.

█ While the plaintiff must recover, if at all, upon the case made by the petition, *Lariviere* v. *Larocque*, 104 Vt. 192, 157 Atl. 826; *White River Chair Co.* v. *Conn. River Power Co.*, 105 Vt. 24, 47, 162 Atl. 859, and cases cited, it may have relief in a court of equity if the facts found entitle it thereto; but to do so it must obtain leave to amend its petition, see cases last cited and

*Hitchcock* v. *Kennison,* 95 Vt. 327, 115 Atl. 156, and *North Troy School District* v. *North Troy,* 80 Vt. 16, 33, 66 Atl. 1033.

 Although it has taken no steps to do this, the case has progressed so far that, of our own motion, we have examined the findings to see if they entitle it to relief; and are satisfied that they do not. Although it is found, in substance, that the alleged trespasses complained of by the plaintiff took place within the limits of the old road as described in the 1816 survey, on land owned by the plaintiff, we construe this to mean the trespasses alleged in the petition, and, as we have seen, there are no findings respecting those that entitle plaintiff to injunctive relief. If the facts plaintiff considers in its brief were supported by the findings, it would be entitled to the relief prayed for, under an amended petition. They are, ''Whether the use of said land within the limits of the highway for parking purposes and for bathing and picnicking was a proper viatic use of the highway?'' and this would have to be answered in plaintiff's favor. *Holden* v. *Shattuck,* 34 Vt. 336, 80 Vt. 684; *Cole* v. *Drew et ux.,* 44 Vt. 49, 8 A. R. 363; *State* v. *Jasmin,* 105 Vt. 535, 168 Atl. 545. To the same effect is the weight of authority in other jurisdictions. But the findings do not show that defendant committed any of these acts. While it is found that on two occasions cars were parked on plaintiff's land, within the limits of the highway, there is no finding that defendant was in any way responsible for this. There is no finding that he, or anyone with whom he was connected, ever picnicked on plaintiff's land, within the limits of the highway, or elsewhere, or that it has reason to believe that he will. There is no finding as to the location of the bathing place with reference to the limits of the highway as maintained in recent years, nor is such fact inferable from the other findings. This is essential, as it appears that there has been a substantial change in the shore line of the lake since the highway was laid out. On this issue the plaintiff had the burden of proof, and failed to discharge it. Since the acts found to have been committed by defendant, which are the only ones to be considered, do not entitle plaintiff to relief in these proceedings, it is not necessary to consider whether he, or the public, could acquire a prescriptive right to do them.

*Decree affirmed and cause remanded.*