Belknap,
No. 4676.

ARLINGTON E. HARTFORD & a. v. GILMANTON.

Argued September 3, 1958.

Decided November 5, 1958.

*Harold E. Wescott* (by brief and orally), for the plaintiffs.

*Nighswander, Lord & Bownes* and *Conrad E. Snow* (*Mr. Snow* orally), for the defendant.

LAMPRON, J.   Loon Pond which is one of the public waters of the state (RSA 271:20) belongs to the public and is held in trust by the State for public use. *State* v. *Stafford Company,* 99 N. H. 92, 96.   The title of the State to its bed extends to the natural high water mark. *Id.,* 97.   "Any member of the public may exercise a

common-law right to boat, bathe, fish, fowl, skate and cut ice in and on its public waters." *Whitcher* v. *State,* 87 N. H. 405, 409.

By virtue of its layout in 1815, there was created in Loon Pond Road, so-called, a public easement or right to use as a way all the land within its confines. *Varney* v. *Manchester,* 58 N. H. 430, 432; *Bigelow* v. *Whitcomb,* 72 N. H. 473, 476; 39 C. J. S., Highway, *s.* 139, *p.* 1077. Part of this road was laid out for some distance along the edge of the waters of Loon Pond. The master found and the Trial Court ruled that "said highway has since been continued in use by the public within the borders of the layout of 1815 . . . It has not been abandoned . . . Nor has said highway been discontinued." Any member of the general public therefore has the right of reasonably using the land within the borders of Loon Pond Road, as laid out in 1815 to reach the public waters of Loon Pond to exercise the common-law right to boat, bathe, fish, fowl, skate and cut ice in and on its public waters. *Whitcher* v. *State, supra; Flood* v. *Earle,* 145 Me. 24.

The record shows that Loon Pond Road was laid out as a highway only. "When land is taken for public use as a highway, the landowner is entitled to receive a sum in damages, which in theory of law is an indemnity for the use for which his land is taken." *Winchester* v. *Capron,* 63 N. H. 605, 606. The damages paid to plaintiffs' predecessor in title were therefore for an easement or right to use as a public way that part of his land contained in the layout. "The soil and freehold belong to the land-owner, subject only to the public easement for travel, and he may use the land in any manner not inconsistent with the public convenience . . . No new servitude, not in the nature of public travel, can be imposed upon the land against the consent of the land-owner, without a further condemnation of his land under the right of eminent domain and the award of adequate compensation therefor." *Id.; Bigelow* v. *Whitcomb,* 72 N. H. 473, 480; *Lyford* v. *Laconia,* 75 N. H. 220, 227.

The public right acquired and paid for in damages when Loon Pond Road was laid out was the right of reasonably using as a way the land included within the limits of the layout. *Varney* v. *Manchester,* 58 N. H. 430, 432. Travelers thereon "have the right to do all acts reasonably incident to a 'viatic use of the way.'" *Lydston* v. *Company,* 75 N. H. 23, 24. It was held in *Varney* v. *Manchester, supra,* that a pedestrian who stopped on Elm Street from three to five minutes to view a procession could be found to be

making a reasonable use of the highway as a way. In *Opinion of the Justices*, 94 N. H. 501, 505, it was stated that the parking of an automobile in a highway was "an incident of modern highway travel." However any stopping in or other use of a highway which cannot be justified as incidental to travel would be a use in excess of the public right of way acquired and paid for and would be in violation of the rights of the owners of the fee. *Laconia* v. *Morin*, 92 N. H. 314, 316; *Opinion of the Justices*, 297 Mass. 559.

Whether a particular use of the way constitutes a reasonable use thereof "is generally a question of fact depending upon the traveller's purpose and the circumstances of his case." *Varney* v. *Manchester*, *supra*, 432. However if the use made is such that no trier of fact could properly find that the traveler was making reasonable use of the way as a way it then becomes a question of law. *Id.*

We are of the opinion that the Trial Court properly ruled as a matter of law that the public does not have "the right to use privately owned shore front for sun bathing, picnicking, loitering, ball playing or other uses associated with parks and playgrounds." The plaintiffs own the fee in this shore front up to the highwater mark of the pond. *Whitcher* v. *State*, 87 N. H. 405, 409. They have all rights therein not inconsistent with a viatic use of the way by the public. *Laconia* v. *Morin*, *supra*. The public uses specified by the ruling quoted above could not be found to constitute a reasonable use of the way as a way, that is, as a means of travel. *State* v. *Cox*, 91 N. H. 137, 141; *Berger* v. *Guilford*, 136 Conn. 71; see *MacDonough Point Corp.* v. *Field*, 109 Vt. 25, 29.

The Trial Court also ruled "that parking by the public on the land in question for the purpose of bathing, ball playing, sun bathing, picnicking, loitering, petting, or any other purposes associated with parks and playgrounds is not such use as could be incident to a viatic use of the way and was not therefore within the original purpose of the taking for which damages were paid and may be prohibited by the owner of the fee."

When considering the legality of an enabling act authorizing cities and towns to install parking meters on streets, the court in *Opinion of the Justices*, 94 N. H. 501, 505, stated: "Parking is obviously an incident of modern highway travel and the owners of land abutting upon a highway cannot prevent or control it." In *Opinion of the Justices*, 297 Mass. 559, 563, 564, it was stated "Doubtless temporary and reasonable stops of automobiles on

highways are lawful as an incident to travel. Whatever cannot be justified as incidental to travel is a violation of the rights of the abutting landowner in the ordinary case where he owns the fee of the public way, and is also an obstruction to the right of travel by the public . . . It is hard to draw the line between temporary stops of automobiles which are incidental to travel and therefore lawful, and the occupation of a part of the public way which is not incidental to travel and cannot be permitted even by legislative act against the protest of the owner of the fee."

As littoral owners of the fee in the beach up to the natural high-water mark of the pond, plaintiffs have certain property rights in the shore which are greater than the privileges which a member of the public has in the public waters of Loon Pond. *Hoban* v. *Bucklin*, 88 N. H. 73, 87. Those rights "may not be invaded or taken from the owner without compensation." *St. Regis Co.* v. *Board*, 92 N. H. 164, 171. Parking of automobiles on the beach in question for the purposes mentioned in the Trial Court's ruling would doubtless interfere with plaintiffs' use of it as riparian owners. It could not be found on the evidence that such parking was reasonably incidental to a viatic use of the highway and was acquired or paid for in the 1815 layout of Loon Pond Road. See *State* v. *Cox*, 91 N. H. 137, 141.

*Exceptions overruled.*

All concurred.

ON MOTION FOR REHEARING. After the foregoing opinion was filed, the defendant filed a motion for a rehearing.

*Nighswander, Lord & Bownes* and *Conrad E. Snow* for the motion.

*Harold E. Wescott* against the motion.

LAMPRON, J. The motion for a rehearing raises the issue of defendant's right "to widen the travelled part of the way, all within the layout of 1815, but on the side of the travelled way opposite the beach, so as to permit safe parking on the public highway."

The issues transferred to us and decided by our opinion were

the rights of the parties in a strip of beach situated within the layout between the traveled way and the water's edge.

The motion raises an issue not transferred and hence not before this court.

*Motion denied.*

All concurred.
December 31, 1958.