MAXIME N. SANSOUCY *vs.* PLANNING BOARD OF WORCESTER.

Worcester. March 7, 1969. — April 11, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Subdivision Control. Public Utilities. Electricity. Way,* Private: wires.

A regulation of a municipal planning board pertaining to its approval of definitive subdivision plans, that "all electrical, telephone, and other utility wires shall be placed below ground in all residential subdivisions . . . unless the Board determines that such placement is not feasible or is not in the best interests" of the municipality, was authorized under G. L. c. 41, §§ 81M, 81Q, even though such wires were furnished by a public utility rather than by the municipality [649]; adequate standards were provided for exercise of the board's power of exemption [649].

Nothing in G. L. c. 164, § 75, respecting the authority of aldermen or selectmen to regulate public utilities precluded the planning board of a municipality from adopting a regulation under the subdivision control law, G. L. c. 41, §§ 81K to 81GG, with respect to the installation below ground of electrical, telephone and other utility wires where no such regulation had been adopted in that municipality under c. 164, § 75. [650]

BILL IN EQUITY filed in the Superior Court on April 24, 1968.

The suit was heard by *Tisdale,* J.

*Eugene L. Tougas,* for the plaintiff, submitted a brief.

*Stanton H. Whitman,* Assistant City Solicitor, for the defendant.

WHITTEMORE, J. The planning board of Worcester approved the plaintiff's subdivision plan subject to the condition that he comply with the provisions of § VIII, C 5, of the board's regulations. This provides: "All electrical, telephone, and other utility wires shall be placed below ground in all residential subdivisions where the definitive plan is submitted on or after September 1, 1967, unless the Board determines that such placement is not feasible or is not in the best interests of the City of Worcester." The definitive plan had been submitted on January 3, 1968. The plaintiff brought this bill in equity by way of appeal to the Superior Court under G. L. c. 41, § 81BB.

The judge ruled that § VIII, C 5, was consistent with the purposes of the Subdivision Control Law in providing appropriate facilities within adequate ways and was enforceable by the planning board. These rulings were right.

The broad intent of the statute is stated in G. L. c. 41, § 81M, as amended by St. 1957, c. 265, in the following language: "The subdivision control law has been enacted for the purpose of protecting the safety, convenience and welfare of the inhabitants of the cities and towns . . . by regulating the laying out and construction of ways in subdivisions providing access to the several lots therein . . . . The powers of a planning board . . . under the subdivision control law shall be exercised with due regard for . . . adequate access to all of the lots in a subdivision by ways that will be safe and convenient for travel; for lessening congestion in such ways and in the adjacent public ways; for reducing danger to life and limb in the operation of motor vehicles; for securing safety in the case of fire, flood, panic and other emergencies; . . . for securing adequate provision for water, sewerage, drainage and other requirements where necessary in a subdivision . . . ."

Section 81Q of the statute provides that a planning board "shall adopt . . . reasonable rules and regulations relative to subdivision control not inconsistent with the subdivision control law or with any other provisions of a statute or of any valid ordinance or by-law. . . . Such

rules and regulations . . . shall set forth the requirements of the board with respect to the location, construction, width and grades of the proposed ways shown on a plan and the installation of municipal services therein, which requirements shall be established in such manner as to carry out the purposes of the subdivision control law as set forth in section eighty-one M."

As a matter of course, utility wires are placed in ways. *Opinion of the Justices,* 297 Mass. 559, 562. The manner in which, at the time of the construction of the way, provision shall be made for placing therein utility wires and other installations serving the public is the concern of the planning board under the statute. Although the authorization of 81Q is to "set forth the requirements . . . with respect to . . . the installation of municipal services . . . [in the ways]," we find in this language, read with the more general authorization of § 81M, an intent that the board may make requirements for the services that as a matter of course will be installed in the ways being approved even if furnished by a regulated utility rather than the municipality.

The placing of wires underground is a matter of public concern. *Sudbury* v. *Department of Pub. Util.* 343 Mass. 428, 430. *Hamilton* v. *Department of Pub. Util.* 346 Mass. 130, 143–145. *Boston Edison Co.* v. *Selectmen of Concord, ante,* 79, 90–91. The concern is not only with aesthetics, but also with providing ways that are "safe and convenient for travel" and "securing safety in the case of fire . . . [or] other emergencies." G. L. c. 41, § 81M.

The provision for exceptions from the regulation is not without adequate standards. Whether a project is feasible, that is, "practically possible" (a dictionary definition) in the light of underground conditions such as ledge or water near to the surface, may be reasonably determined on relevant evidence. The power to exempt from the requirement in "the best interests of" the city, allows the board to apply no standards other than those of public safety, convenience and welfare that underlie the Subdivision Control Law. See *Newton* v. *Department of Pub. Util.* 339 Mass. 535, 546–

547.   *Lyman* v. *Planning Bd. of Winchester,* 352 Mass. 209, 214.   In some particular circumstances, these standards might indicate that underground installation should not be required.   Adequate findings related to the purpose of the law would be required.

The field of regulation in this aspect has not been preëmpted by St. 1902, c. 372, authorizing the city of Worcester by ordinance to designate some officer or officers to have "exclusive authority to cause . . . [wires] to be removed" from streets in a district within two miles of a designated point in Front and Main Streets.   This is concerned with existing wires; in any event the plaintiff's development is outside that area.

Nor is the field preëmpted by G. L. c. 164, § 75: "The aldermen or selectmen may regulate, restrict and control all acts and doings of a corporation subject to this chapter which may in any manner affect the health, safety, convenience or property of the inhabitants of their towns."   Reasonably construed, this does not exclude another municipal agency acting under another statute as to particular acts which have not been regulated pursuant to this statute. There is no suggestion that action has been taken in Worcester under c. 164, § 75, as to placing wires underground.

This is the opinion of a majority of the court.

The final decree, which dismissed the bill, is modified to provide that the decision of the planning board did not exceed its authority and that no modification of its decision is required.   See *Rettig* v. *Planning Bd. of Rowley,* 332 Mass. 476, 481.   As so modified it is affirmed.

*So ordered.*