NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

———————————————

Belknap
Case No. 2024-0393
Citation: Taylor Community v. City of Laconia, 2025 N.H. 38

TAYLOR COMMUNITY

v.

CITY OF LACONIA & a.

Argued: May 20, 2025
Opinion Issued: August 27, 2025

Sheehan Phinney Bass & Green PA, of Manchester (Megan C. Carrier and Christopher Cole on the brief, and Megan C. Carrier orally), for the plaintiff.

Mitchell Municipal Group, P.A., of Laconia (Laura Spector-Morgan on the brief and orally), for the defendants.

Matthew J. Lahey, of Laconia, self-represented party, and Stephan T. Nix, of Gilford, for intervenor Nancy Ettelson, on the intervenors' memorandum of law.

MACDONALD, C.J.

[¶1] The plaintiff, Taylor Community, appeals an order of the Superior Court (Attorri, J.) denying its cross-motion for summary judgment and granting the cross-motion for summary judgment filed by the intervenors, Matthew J. Lahey and Nancy Ettelson. On appeal, the plaintiff argues that the trial court erred in concluding that there was occasion for the defendants, the City of Laconia (City) and its Mayor and City Council, to lay out the disputed cul-de-sac as a public highway. We affirm.

I.    Background

[¶2] The record reflects the following facts, or they are otherwise undisputed. In the late 1980s, the plaintiff constructed a cul-de-sac in Laconia. The plaintiff made representations to the Laconia Planning Board on a 1987 subdivision plan that the cul-de-sac would be built and deeded to the City. The plaintiff conveyed lots to third parties based on that plan. However, although the cul-de-sac was built, it was never deeded to the City. The City maintained the cul-de-sac until 2019, and members of the public and various public services use the cul-de-sac to the present day.

[¶3] In 2019, the plaintiff applied to the planning board to remove the cul-de-sac and install a hammerhead, which is a T-shaped road at the end of a dead-end street to allow vehicles to turn around. The planning board denied the request. The plaintiff appealed that decision to the superior court, and the court determined, in part, that the cul-de-sac had never been accepted by the City and had remained a private road owned by the plaintiff.

[¶4] Thereafter, the intervenors and others submitted a petition to lay out the cul-de-sac as a public highway. See RSA 231:8 (2009) (providing that town selectmen may, upon petition, lay out public highways when there is "occasion" to do so). The Laconia City Council voted to lay out the cul-de-sac as a public highway. The plaintiff appealed the decision to the superior court. See RSA 231:34 (2009) (providing that aggrieved parties may appeal lay out decisions to the superior court). The parties filed cross-motions for summary judgment on whether there was occasion to lay out a public highway.

[¶5] The superior court granted the intervenors' motion and denied the plaintiff's motion. In ruling that there was "occasion" to lay out a public highway, see RSA 231:8, the superior court concluded that the plaintiff had dedicated the cul-de-sac to the City for public use in 1987 by drawing the cul-de-sac on a plan of lands and selling lots in accordance with that plan, and that the dedication had never been released. See RSA 231:51 (2009) (providing that a street may be dedicated to public use by being drawn upon a plan of lands platted by the owner, and selling lots in accordance with that plan). The superior court concluded that — under the first prong of the occasion analysis

2

— the dedication left the plaintiff with "no rights" in the cul-de-sac, and therefore ruled that the public interest in laying out the highway outweighed the plaintiff's private interest in the cul-de-sac.

[¶6] The plaintiff moved for reconsideration. Upon reconsideration, the trial court clarified that, while the plaintiff retained a fee interest in the cul-de-sac, the plaintiff did not retain the right "to use the dedicated property for its own purposes." The trial court also concluded that — under the second prong of the occasion analysis — the public interest in laying out a highway outweighed the burden on the City. This appeal followed.

II.    Analysis

[¶7] A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits filed, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." RSA 491:8-a, III (2010). When reviewing rulings on cross-motions for summary judgment, we consider the evidence in the light most favorable to each party in its capacity as the nonmoving party and, if no genuine issue of material fact exists, we determine whether the moving party is entitled to judgment as a matter of law. Tremblay v. Bald, 176 N.H. 439, 442 (2024), 2024 N.H. 6, ¶8. We review the trial court's application of the law to the facts de novo. Id.

[¶8] On appeal, the plaintiff argues that the trial court erred in concluding that there was occasion to lay out the cul-de-sac as a public highway. A public highway may be created: (1) through the taking of land by eminent domain and the laying out of a highway by some governmental authority; (2) through the construction of a road on public land; (3) through twenty years of use by the public before 1968; or (4) by dedication and acceptance. Hersh v. Plonski, 156 N.H. 511, 514-15 (2007); see RSA 229:1 (Supp. 2024).

[¶9] Upon petition, a town will lay out roads when there is an "occasion" to do so. RSA 231:8; Crowley v. Town of Loudon, 162 N.H. 768, 773 (2011). Occasion for the layout of public roads exists if the public interest requires the town's acceptance of the roads. Crowley, 162 N.H. at 773. Assessing occasion involves an equitable balancing of competing interests. Id. We have outlined a two-step process for a trial court to undertake when assessing whether occasion for laying out a road exists:

> First, the court must balance the public interest in the layout against the rights of the affected landowner. If the rights of the affected landowner outweigh the public interest, there is no occasion for laying out the road. If, on the other hand, the public interest justifies taking the land without the landowner's consent,

3

then the court must engage in a second step, which is to balance the public interest in the layout against the burden imposed upon the town. If the balancing required by the second step favors the public interest, occasion for the layout exists.

Id. (citations, quotations, and ellipses omitted). The superior court conducts a de novo analysis to make an independent determination of the occasion, or appropriateness, of laying out a road as requested. See id.

A. Prong One

[¶10] The plaintiff argues that the trial court erred in applying the first prong of the occasion analysis. Specifically, the plaintiff asserts that the court erred when it concluded that, because the plaintiff had dedicated the cul-de-sac for public use, the plaintiff did not retain the right to use the property for its own purposes. The parties do not dispute that the plaintiff has a right to use the dedicated cul-de-sac, and we do not construe the trial court's order as ruling otherwise. We construe the trial court's order — ruling that the plaintiff lacks the right to use the dedicated property "for its own purposes" — as concluding that the plaintiff's right to use the property is limited by the public right to accept and use the cul-de-sac because it is subject to an unreleased offer of dedication. The trial court's conclusion was not erroneous.

[¶11] As noted above, dedication and acceptance is another method, separate from laying out a public highway, by which a public highway can be created. See Hersh, 156 N.H. at 514-15. Dedication is the devotion of land to a public use by an unequivocal act of the owner of the fee manifesting an intention that it shall be accepted and used presently or in the future for such public use. Id. at 515. A public highway is created once a dedicated road is accepted by the public. See id. at 515-16. In this case, the trial court ruled that the cul-de-sac was dedicated but not accepted. The parties do not dispute this ruling on appeal. A public highway was therefore not created through dedication and acceptance. See id. However, the trial court nonetheless concluded that the unreleased offer of dedication left the plaintiff with diminished rights in the cul-de-sac, which caused it to fail prong one of the occasion analysis. Thus, we address what impact a dedication has on a private landowner's property interest.

[¶12] We find Harrington v. Manchester instructive in answering this question. In Harrington, we considered whether the appellants were entitled to damages after their dedicated road was laid out as a public highway. Harrington v. Manchester, 76 N.H. 347, 348-51 (1912). We concluded that, because the appellants had dedicated the road to public use, they were not entitled to damages when public authorities subsequently laid out the road. See id. In reaching that conclusion, we determined that the public had a permanently vested right to accept the dedicated road and that a public "right

4

of passage" over the street, or "easement," vested over the road at the moment of dedication.  See id.; see also Polizzo v. Town of Hampton, 126 N.H. 398, 402 (1985) (describing Harrington as holding "that an offer of dedication created a permanently vested right in the town to accept the street").

[¶13] After Harrington, the legislature limited by statute the public's permanent right to accept a dedicated road.  See RSA 231:51-:52 (2009). Under certain circumstances, a landowner may now petition for release of a dedication pursuant to RSA 231:52 or a dedication may be released by vote of the governing body of a city or town pursuant to RSA 231:51.  Nonetheless, an offer of dedication remains open until it has been accepted, thereby creating a public highway, or released.  See Hersh, 156 N.H. at 514-16; Polizzo, 126 N.H. at 401-02.  In this case, there was no release of the plaintiff's offer of dedication.  Accordingly, there currently is a public easement for travel over the cul-de-sac and the public has a vested right to accept the cul-de-sac without cost at any time.  See Harrington, 76 N.H. at 348-51; Polizzo, 126 N.H. at 401-02.

[¶14] A public easement for travel grants the public the right to use the land as a way, or for any use reasonably incidental to the purpose of traveling. See Hartford v. Gilmanton, 101 N.H. 424, 426 (1958).  When land is subject to a public easement for travel, a private landowner may retain a fee interest in the land, but that landowner may not use that land in any way that would interfere with the public interest.  See id. (explaining that a public easement or "right to use [the land] as a public way" over private land means that "[t]he soil and freehold belong to the land-owner, subject only to the public easement for travel, and [the landowner] may use the land in any manner not inconsistent with the public convenience").  Accordingly, while the offer of dedication remains open, the plaintiff retains ownership of the fee and the ability to petition for release of the dedication, but lacks the ability to use the property in any way that would interfere with the public right to accept the dedicated cul-de-sac and use it for travel.

[¶15] Applying the prong one analysis, the trial court balanced the public interest in the cul-de-sac against the plaintiff's private interest in it.  The trial court noted, and the record establishes, that the public has a demonstrated interest in using the cul-de-sac for travel and to accommodate public services. As for the plaintiff's private interest, the court correctly concluded that the plaintiff lost the right to use the dedicated property for its exclusive purposes. The court concluded that the plaintiff's private interest in the cul-de-sac was so encumbered by its dedicated state that "even a scant public interest" outweighed it.  We conclude that the trial court's ruling was compelled by the evidence and not legally erroneous.

[¶16] Finally, we address the plaintiff's policy argument.  The plaintiff argues that our conclusion regarding the scope of a private landowner's rights

in dedicated but unaccepted land cannot be correct because, if a public easement vests at the time of dedication, then landowners would be disincentivized from dedicating land and municipalities from accepting it because a municipality would immediately reap the benefit of a dedicated highway without any liability that comes with acceptance. The statutory scheme addresses the plaintiff's concern.

[¶17] As explained above, a landowner who has dedicated a road for public use may petition for release of that dedication pursuant to RSA 231:52 whenever "such way will not be needed for the accommodation of public travel." "All proceedings shall be conducted in the manner provided for the laying out of highways, and any interested party may appeal to the superior court from the decision, as in the case of petitions for laying out highways." RSA 231:52; see also RSA 231:51 (providing that the governing body of a city or town may release dedicated land by vote if it has not been opened, built, or used for public travel within 20 years). Alternatively, should it be determined that the road is "needed for the accommodation of public travel," RSA 231:52, then the landowner could petition to lay out a highway pursuant to RSA 231:8 if there is "occasion" to do so. In determining whether there is "occasion" to lay out a highway, if the landowner is the petitioner and the road is "needed for the accommodation of public travel," RSA 231:52 (emphasis added), the landowner would likely succeed under the "occasion" balancing test. Cf. Crowley, 162 N.H. at 773. Accordingly, the plaintiff's policy arguments do not undermine our reasoning because the statutory scheme provides landowners with methods to seek release of or compel acceptance of dedicated land, and for judicial review of decisions in that regard. See RSA 231:8, :52. Of course, if the legislature disagrees with our holding, it is free to amend the law as it sees fit within constitutional bounds. See Attorney General v. Hood, 177 N.H. 176, 188 (2025), 2025 N.H. 3, ¶31 (per curiam).

B. Prong Two

[¶18] The plaintiff next argues that the trial court erred in applying the second prong of the "occasion" test. This prong requires balancing the public interest in the layout against the burden it imposes upon the City. See Crowley, 162 N.H. at 773. The plaintiff argues that the trial court drew improper inferences and relied on facts not supported by the record. Specifically, the plaintiff argues that the following determinations by the trial court were erroneous: (1) "[l]aying out the cul de sac will cause the City to incur only minimal additional yearly costs for maintaining the road, as evidenced by the City's maintenance of the cul de sac between 1987 and 2021"; and (2) "the City's interest in the cul-de-sac is clear in that it affords the most safe and efficient traffic route for City vehicles providing emergency and other public services to the approximately 30 residents on Cottonwood Avenue."

6

[¶19] Regarding the first point, the plaintiff argues that the trial court's determination was error because the City ceased maintaining the cul-de-sac in 2019, not 2021, and because there was no evidence in the record regarding the actual yearly cost of maintaining the cul-de-sac. First, we decline to conclude that the trial court's misstatement that the City maintained the cul-de-sac for 34 years instead of 32 years constitutes reversible error. Second, the principal point the trial court was required to consider was the burden on the municipality in accepting the cul-de-sac, not the exact cost. See id. at 773-74. The record establishes that the cul-de-sac is approximately 0.42 acres, situated at the end of a public road which the City maintains, and that the City previously maintained the cul-de-sac for 32 years. These facts demonstrate that the additional cost for the City to maintain the cul-de-sac is minimal, and the plaintiff cites nothing showing otherwise.

[¶20] Regarding the second point, the plaintiff argues that the trial court erred when it concluded that the cul-de-sac provides the most safe and efficient traffic route for public vehicles, and asserts that the proposed hammerhead could serve the same purposes. What is at issue in this case is not the relative safety and efficiency of a hammerhead versus a cul-de-sac. For the purposes of the second prong, the trial court had to determine whether the public has an interest in the cul-de-sac that outweighs the burden on the municipality in accepting it. See id. The trial court ruled that the cul-de-sac provides a safe and efficient traffic route for emergency and public services which serve the approximately 30 residents of Cottonwood Avenue, and the record confirms that conclusion. Accordingly, the trial court correctly concluded that the public interest in the cul-de-sac outweighs the municipality's burden in accepting it. See id.

[¶21] The plaintiff also argues that the trial court erred by not applying the factors that we have created to assist courts in weighing the public interest in the layout against the private landowner's and municipality's interests. We have enumerated certain factors that "the trial court may consider" in applying the occasion balancing test, but the ultimate question before the trial court is whether the public interest in the layout outweighs the interests of the affected landowner and the burden on the municipality. See id. (emphasis added). The trial court correctly concluded that the public interest in the layout outweighed those competing interests.

[¶22] Accordingly, we conclude that the trial court did not err. We have considered the plaintiff's remaining arguments and conclude that they do not warrant further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993); Sup. Ct. R. 25(8).

Affirmed.

DONOVAN and COUNTWAY, JJ., concurred.

7